**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEVINDER S. BAJWA and KAMALJIT BAJWA,

    Plaintiffs,

v.

    Case No. 11-CV-12183-DT

    HONORABLE DENISE PAGE HOOD

JOHN ADAMS MORTGAGE COMPANY,
SUNTRUST MORTGAGE, INC., AMERICA'S
SERVICING COMPANY and U.S. BANK
NATIONAL ASSOCIATION, TRUSTEE FOR
THE HOLDERS OF PRIME MORTGAGE
TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-CL1,

    Defendants.
    _____/

**ORDER REGARDING VARIOUS DISPOSITIVE MOTIONS
and
ORDER DISMISSING ACTION**

**I.   BACKGROUND**

On April 27, 2011, Plaintiffs Devinder S. Bajwa and Kamaljit Bazwa, proceeding *pro se,* filed an Amended Complaint before the Washtenaw County Circuit Court alleging wrongful foreclosure of real property against Defendants John Adams Mortgage Company ("John Adams"), Suntrust Mortgage, Inc. ("Suntrust"), America's Servicing Company ("America's Servicing") and U.S. Bank National Association, Trustee for the holders of Prime Mortgage Trust, Mortgage Pass-Through Certificates, Series 2006-CL1 ("U.S. Bank").  This matter was removed to this Court on May 18, 2011 by U.S. Bank and America's Servicing.

Plaintiffs allege that a non-judicial foreclosure has been initiated on real property located at 2797 E. Arbor, Ann Arbor, Michigan 48103.  (Comp., ¶¶ 3-4)  The property was sold at a sheriff's sale and the redemption period expired on March 9, 2011.  (Comp., ¶ 5)  Plaintiffs initially filed a

Complaint prior to the redemption period's expiration in order to resolve the matter. (Comp., ¶ 6) Plaintiffs were in the process of executing a loan modification on the property at issue but on April 18, 2001, U.S. Bank filed a Complaint for Termination of Tenancy, despite the ongoing litigation. (Comp., ¶¶ 7, 9) Plaintiffs assert they dispute the debt and that they bear no liability to Defendants because no ownership or equity relationship exists. (Comp., ¶¶ 21, 25) Plaintiffs claim they sent a Truth In Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") request to America's Servicing and John Adams Mortgage. (Comp., ¶ 24) Plaintiffs assert that the failure to respond to their RESPA request amounts to an agreement and consent to immediate termination or removal of any liens on the property and that these Defendants waive any defenses or claims. (Comp., ¶¶ 26, 27)

This matter is before the Court on: America's Servicing and U.S. Bank's Motion to Dismiss, or, in the alternative, for Summary Judgment filed on May 20, 2011; Suntrust's Motion for Judgment on the Pleadings and Joinder in U.S. Bank's Motion; and, John Adams Mortgage's Motion to Dismiss and Joinder in U.S. Bank's Motion. Responses and replies were filed.[1]

A hearing was held on the motions on October 19, 2011. At the hearing, the Court was informed as to the status of the post-redemption period eviction proceedings before the 14A-4 District Court in Saline, Michigan. Plaintiffs submitted a letter from counsel representing Plaintiffs in the eviction proceedings, Beatriz H. Coleman. Ms. Coleman indicates in her letter that it was Plaintiffs' position before the State district court that there was no statutory authority to foreclose

---

[1] Certain parties filed documents with personal identifiers without redaction as required by Fed. R. Civ. P. 5.2. It is the filing party's responsbility to redact private information under the rules. *See,* CM-ECF Electronic Filing Policies and Procedures, R20 and Administrative Order, No. 07-AO-030.

on the property and that there had been a fraud committed in the endorsement evidence submitted before the district judge. Ms. Coleman further indicates that the parties were awaiting a ruling by the district judge. Plaintiffs in this case sought to stay the matter pending the district judge's order in the eviction proceedings.

The Court requested further information regarding the matter before the State district court. On October 21, 2011, U.S. Bank and America's Servicing submitted a supplemental brief regarding their discussion with the foreclosure and eviction proceedings counsel representing their interest before the district court.

## II. ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(c) of the Rules of Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The manner of review under Rule 12(c) is the same as review under Rule 12(b)(6). *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir. 2008).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material

4

facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

      **B.    America's Servicing and U.S. Bank**

          **1.    Standing**

America's Servicing and U.S. Bank argue that Plaintiffs' Amended Complaint must be dismissed for lack of standing because the statutory redemption period has expired. In response, Plaintiffs argue that the recent cases of *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL

1516819 (April 21, 2011) and *Richard v. Schneiderman & Sherman, P.C.,* 2011 WL 3524302 (August 11, 2011) hold that cases filed beyond the statutory redemption period need not be dismissed. In reply, America's Servicing and U.S. Bank assert these cases do not support Plaintiffs' argument.

Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues. *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the United States Constitution limits the federal courts' jurisdiction to "cases and controversies." In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the United States Supreme Court set forth three elements to establish standing: 1) that he or she suffered an injury in fact, which is both concrete and actual or imminent; 2) that the injury is caused by defendants' conduct; and 3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999)(citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)).

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Smith v. Wells Fargo Home Mortgage, Inc.,* Case No. 09-13988 (E.D. Mich. 2010)(unpublished).

In the Amended Complaint, Plaintiffs allege that the property was sold at a sheriff's sale and the redemption period expired on March 9, 2011. (Comp., ¶ 5) Filing of a lawsuit does not toll the

6

redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1. The cases cited by Plaintiffs are inapplicable. *Saurman* involved the issue of whether Mortgage Electronic Registration Systems ("MERS") had the authority to foreclose by advertisement under M.C.L. § 600.3204(1)(d). The Michigan Court of Appeals held that MERS, who foreclosed by advertisement, was not permitted to do so because it did not have legal or equitable ownership rights in the debt secured by the mortgage in that case. *Saurman,* 2011 WL 1516819 *at 5.* Here, MERS is not a party to this case and was not the foreclosing party as alleged by Plaintiffs. As to *Schneiderman,* the Michigan Court of Appeals limited the holding of *Saurman* holding that if the mortgagor failed to challenge the foreclosure by advertisement during the redemption period or any proceedings seeking an order of eviction, or if the foreclosed property has been sold to a bona fide purchaser, then *Saurman* does not apply. *Schneiderman,* 2011 WL 3524302 at * 2.

In addition, the Michigan Supreme Court recently reversed the Michigan Court of Appeals' decision finding that the appellate court "erroneously construed" M.C.L. § 600.3204(1)(d). *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 5588929, *1 (Mich. Nov. 16, 2011). The Michigan Supreme Court clarified MERS' status under M.C.L. 600.3204(1)(d), holding that MERS' "interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness–authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)." *Id.*

Given that the redemption period has expired in this case, Plaintiffs challenge to the foreclosure proceedings must be dismissed for lack of standing and failure to state a claim upon which relief may be granted. The Court will not stay the matter pending the eviction proceedings

before the State district court in light of the ruling that Plaintiffs lack standing in this matter.

### 2.     RESPA Claims

America's Servicing and U.S. Bank assert that Plaintiffs' claim under RESPA must be dismissed since the only damages available for this claim are actual damages, which Plaintiffs have not pled and cannot show.  Plaintiffs respond that America's Servicing and U.S. Bank primarily rely on their redemption period expiration argument.  In the event Plaintiffs' foreclosure challenge is successful, Plaintiffs argue that they have stated a RESPA violation claim.  In reply, America's Servicing and U.S. Bank claim that nothing in Plaintiffs' Amended Complaint alleges actual damages stemming from the failure to respond to their RESPA inquiry.

Section 2605 of RESPA requires a loan servicer, such as America's Servicing, to respond to a borrower's inquiries within 60 days when it receives a qualified written request ("QWR") from the borrower.  12 U.S.C. § 2605(e)(2).  Plaintiffs claim they sent such a request dated March 7, 2011, which America's Servicing admits was received on March 14, 2011.  Any response by America's Servicing was due no later than May 14, 2011, two months after the redemption period expired.  Courts have held that a borrower cannot sustain actual damages based on a mortgagee's failure to respond to a qualified written request where the mortgage was already foreclosed approximately three weeks before the time to respond expired.  *See, Byrd v. Homecomings Financial Network,* 407 F.Supp.2d 937, 949-46 (N.D. Ill. 2005); *In re Anderson,* 2006 WL 2786974 (Bkrtcy. D.Mass. 2006).  A claim under RESPA is properly dismissed for failure to allege actual damages resulting from failure to respond to qualified written request.  *See, Battah v. Resmae Mortgage Corp.,* 2010 WL 4260530 at *6 (E.D. Mich. Oct. 28, 2010)(unpublished); *Mekani v. Homecomings Financial LLC,* 752 F.Supp.2d 785, 795-96 (E.D. Mich. 2010).

A review of the Amended Complaint shows Plaintiffs failed to allege actual damages resulting from failure to respond to the qualified written request. The Amended Complaint merely alleges Plaintiffs' right to damages. (Comp., ¶ 27.e.) The Amended Complaint also alleges that Defendants' silence and lack of response amount to a consent to Plaintiffs' right to damages. (Comp., ¶ 31) However, no actual damages are alleged. The RESPA claim must be dismissed.

### 3. TILA and Breach of Contract Claims

America's Servicing and U.S. Bank claim that Plaintiffs' TILA claims must be dismissed as time-barred. Plaintiffs do not contest the dismissal of their TILA claim. (Resp., Doc. No. 15, p. 10) It is noted that the statute of limitations under TILA is one year and/or three years repose. 15 U.S.C. § 1635(f) and 1640(e). The mortgage at issue was originated in December 31, 2002. The instant Amended Complaint was filed in April 2011, well pass the TILA statute of limitations.

America's Servicing and U.S. Bank assert that Plaintiffs' allegation that there is no contract between the parties and that the mortgage lacks a power of sale clause must be dismissed. Plaintiffs do not contest the dismissal of the contract claims. (Resp., Doc. No. 15, p. 10) It is noted that the mortgage contains in paragraph 22 a power of sale clause. (Ex. 1 to Motion) The TILA and breach of contract claims are dismissed.

### 4. Balance of the Amended Complaint

America's Servicing and U.S. Bank argue that the other allegations by Plaintiffs fail to state a claim under Rule 8(a)(2) which requires a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). They claim that the allegations are incomprehensible. In response, Plaintiffs argue that they have standing to challenge the foreclosure by advertisement and should be allowed to further amend the Amended Complaint in the event the

9

Court finds the Amended Complaint unclear or vague. America's Servicing and U.S. Bank in their reply argue that further amending the Amended Complaint would be futile.

Plaintiffs' Amended Complaint is seven pages with 51 numbered paragraphs. Plaintiffs cite various statutes, cases and other arguments in the Amended Complaint. Plaintiffs mention the Fair Credit Billing and Fair Debt Collection Practices Acts (Comp., ¶¶ 23, 45), UCC Financing Statement (Comp., ¶ 27(d)), UCC 1-201 and 3-603 (Comp., ¶¶ 40, 43), Counterfeit Securities Act, 18 U.S.C. §§ 1341, 1962 (Comp., ¶ 41), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 513, 242, 1342, 1341 (Comp., ¶ 45) Plaintiffs do not allege any facts to support any allegation that America's Servicing and U.S. Bank violated any of these statutes or laws. Under the heightened pleading requirements set forth in *Iqbal* and *Twombly*, Plaintiffs have failed to state a claim upon which relief may be granted under these various statutes or laws.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, if a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

In this case, Plaintiffs have filed an Amended Complaint. Plaintiffs have not shown how further amending the Amended Complaint could withstand a motion to dismiss given that the redemption period has expired in this case. Plaintiffs cannot show standing, therefore, any further amendment to the Amended Complaint would be futile.

**C.    SunTrust Mortgage and John Adams Mortgage**

In separate motions, SunTrust Mortgage and John Adams Mortgage move to dismiss the case against them because the Amended Complaint does not contain a single allegation relating to SunTrust or John Adams. Plaintiffs respond that the Court should not dismiss the cases against SunTrust or John Adams pending some discovery to confirm that SunTrust or John Adams do not retain any interest in the property.

The loan and mortgage were entered into with John Adams Mortgage on December 31, 2002. (Ex. 1, SunTrust Motion) The loan and mortgage were assigned to SunTrust Mortgage, Inc. which assignment was recorded on January 22, 2003. (Ex. 2, SunTrust Motion) SunTrust assigned the loan and mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for EMC Mortgage Corporation which was recorded on October 20, 2003. (Ex. 3, SunTrust Motion) The loan and mortgage was then assigned to U.S. Bank, which was recorded on July 17, 2007. (Ex. 4 to SunTrust Motion)

Nothing in the Amended Complaint alleges that SunTrust or John Adams violated any of Plaintiffs' rights under RESPA or any other statute. Plaintiffs do not allege that SunTrust or John Adams was the foreclosing entity. Discovery is not required to determine whether these two entities have any legal interest on the property. The Sixth Circuit has interpreted *Iqbal* to mean that discovery cannot serve as the means to obtain the facts required in a complaint. *See New Albany Tractor v. Louisville Tractor,* 650 F.3d 1046, 1051 (6th Cir. 2011). In *Albany Tractor*, the plaintiff was unable to provide facts related to the allegations because the information was retained by the defendants. *Id.* "[*N]o* discovery may be conducted in cases such as this, even when the information needed to establish a claim of discriminatory pricing is solely within the purview of the defendant or a third party, as it is here." *Id.* Plaintiffs are not entitled to discovery in order to support any of

11

its allegations in their Amended Complaint. SunTrust and John Adams must be dismissed.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants America's Servicing and U.S. Bank's Motion to Dismiss, or, for Summary Judgment **(Doc. No. 3, filed May 20, 2011)** is GRANTED.

IT IS FURTHER ORDERED that SunTrust's Motion for Judgment on the Pleadings and Joinder **(Doc. No. 6, filed July 7, 2011)** is GRANTED.

IT IS FURTHER ORDERED that John Adam's Motion to Dismiss or for Summary Judgment and Joinder **(Doc. No. 9, filed July 15, 2011)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 30, 2011

I hereby certify that a copy of the foregoing document was served upon Devinder S. Bajwa and Kamaljit Bajwa, 2797 E. Arbor, Ann Arbor, MI 48103 and counsel of record on November 30, 2011, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager